# Hill's Adm'r *v.* Erwin & Jones.

*Action on Promissory Note for Purchase-Money of Land sold by Administrator under Probate Decree.*

1. *Payment in Confederate currency, or in notes on third person.*—A payment in Confederate currency, during the late war, on a debt payable in good money, can not be scaled at the instance of the creditor, and reduced to its real value at the time; and on the same principle, a payment in notes on third persons, made and received at their face value as a partial payment only, can not be treated, at the will of the debtor, as a payment in full, because the debt was payable in Confederate money, and the notes were worth in gold more than the entire debt in that currency.

2. *Contracts payable in Confederate currency; measure of recovery.*—The principle is now firmly settled (and the court adheres to it as an equitable solution of a troublesome question, though it is difficult to reconcile it with established principles), that the measure of recovery on contracts for the purchase of property, made during the late war, and understood to be payable in Confederate currency, is the value of the property in good money at the time the contract was made.

3. *Same; computation of partial payments.*—In an action on a note given for the purchase of property during the late war, with the understanding that it might be paid in Confederate currency, a partial payment having been made in that currency, the ratio between the nominal amount of the note, with interest to the time of the partial payment, and the unpaid balance; is also the ratio between the actual value of the property at the time of the purchase, with interest, and the balance still due in good money ; to which balance, thus ascertained, interest must be added.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. GEORGE H. CRAIG.

This case has been before this court on two former appeals, and may be found reported in 44 Ala. 661–8, and 51 Ala. 580–84; the judgment of the court below being each time reversed, and the cause remanded. The action was brought by Mrs. Susan B. Hill, as the administratrix of her deceased husband, Charles W. Hill, against George Erwin and Allen C. Jones ; was commenced on the 9th March, 1866, and was founded on the defendants' promissory note for $40,286.98, dated the 10th February, 1863, and payable to the plaintiff, as such administratrix, on the 1st March, 1864. The note was given for the purchase-money of a tract of land, sold by the said administratrix, under a decree of the Probate Court of said county, in 1863, and bought by the defendant Erwin. There was an agreement, or understanding, between the parties, at the time of the sale, that the note might be paid in Confederate treasury-notes ; and there was a credit indorsed on it, dated June 1st, 1864, of $32,545.73. After the last remandment of the cause, the administratrix reported the estate insolvent, settled her administration, and resigned ; and the cause was afterwards revived in the name of Pascal W. Tutwiler, as administrator *de bonis non.* On the last trial, as the present record shows, the principal question in controversy was, whether the said payment of $32,345.73 discharged the note entirely, or was a partial payment only. It was shown that the value of the land, at the time of the sale, was about $13,000 in gold ; that the value of gold, as compared with Confederate currency, was three to one at the time of the sale, and about twenty to one when the note fell due, and when the payment was made. The court allowed the defendant, Erwin, to testify, against the objection of the plaintiff, that the payment was made in the notes of solvent third persons, which were worth their face value—"as good as

gold, or its equivalent;" and to the admission of this evidence an exception was reserved by the plaintiff. The court charged the jury, at the request of the defendants, " that if Erwin, before the commencement of this suit, paid $32,000 in promissory notes, equal in value to that sum in gold, and if that sum was as much or more than the plaintiff was legally, justly, and equitably entitled to recover, then the defendants are not bound to pay any more, and the jury should find for the defendants." The plaintiff excepted to this charge, and he here assigns it as error, together with the admission of the evidence to which he excepted, and the refusal of several charges asked.

THOS. J. SEAY, for appellant.

W. M. BROOKS, contra.

STONE, J.—The receipt given to Erwin, the credit indorsed on the note, and even the testimony of Mr. Erwin, all prove, that the said sum of thirty-two thousand five hundred and forty-five 73-100 dollars was simply a payment. When made, Erwin received a receipt, which he produced on the trial, in the following language : " Received, 1st June, 1864, on the within note, thirty-two thousand five hundred and forty-five 73-100 dollars." (Signed) " SUSAN HILL, by *H. Tinker.*" The language of this receipt, and all the circumstances, show conclusively that this was intended as payment, *pro tanto.* Erwin paid it with that understanding, and it was received with that understanding. There is a wide difference between a payment proper, and a cross demand, which is available only as a set-off. The present transaction was payment. It has been uniformly and rightly held in this court, that payments, received in Confederate money, and allowed at their face value, on debts that were payable in good money, can not, at the mere will of the creditor, be scaled and reduced to the real value of the Confederate currency when received. This, because the creditor in the given case consented to receive them in payment as so many dollars.—*Ponder v. Scott*, 44 Ala. 241. See *Riddle v. Hill*, 51 Ala. 224. The credit should have been considered and allowed only as partial payment.

2. It results, from what is said above, that there is a balance of the note sued on, not liquidated by the payment of $32,545.73. It is settled in this State, too firmly to be now questioned, that on contracts for the purchase of property, shown to have been made with an understanding that they were to be paid in Confederate currency, the measure of

recovery is the value of the property in good money, at the time of the purchase. It is difficult to reconcile this rule with established legal principles, but we adhere to it as an equitable solution of a very troublesome question.—*Herbert v. Easton*, 43 Ala. 547; *Riddle v. Hill*, 51 Ala. 224, 234; *Erwin & Jones v. Hill, Ib.* 580; *Whitfield v. Riddle*, 52 Ala. 467. See, also, *Thorington v. Smyth*, 8 Wall. 1; *Stewart v. Solomon*, U. S. Sup. Court, May, 1877.

3. What is said above leaves a balance of the note unpaid; and the question arises, how is that balance to be ascertained? Obviously by ascertaining, first, the money value of the land sold, at the time of the sale. Second, by ascertaining the unpaid balance of the note, at the time of the partial payment. Then, the proportion which the unpaid balance bears to the whole note, with interest to the payment, will show the proportion of the ascertained value of the land which remains unpaid; to which interest must be added from the agreed maturity of the note.

The rulings of the Circuit Court are in conflict with these views; and its judgment is reversed, and the cause remanded.